IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-00716-WDM-OES

UNITED STATES OF AMERICA,
STATE OF COLORADO,
MONTEZUMA COUNTY BOARD OF COMMISSIONERS,
GERALD O. BAILEY,
W.L. GRAY & CO. AND
HARRY PTASYNSKI,

    Plaintiffs,

v.

KINDER MORGAN $CO_2$ COMPANY, L.P. AND
RICHARD TIMOTHY BRADLEY,

    Defendants.

_____

**ORDER**
_____

The following motions are pending before me:

1. Plaintiff Gerald O. Bailey's Motion to Transfer (docket no. 20);

2. Defendants' Motion to Dismiss, Transfer or Stay (docket no. 24);

3. Plaintiffs' Motion for Preliminary Injunction; and

4. Defendants' Motion for Sanctions.

Given the status of the case, and with the thought of preserving scarce judicial resources, I should first decide whether to transfer this case.

Defendant moves to transfer this case to the United States District Court for the Southern District of Texas, Houston division, because a case pending there, *Shell*

*Western E&P, Inc. v. Gerald O. Bailey, et al.*, C.A. No. H-05-1029 (Texas Case) was the first filed. Plaintiffs resist, arguing that this action was the first *qui tam* action filed against the particular defendant Kinder Morgan and, in any case, given the local nature of this action, it should not be transferred to a court outside of Colorado.

To decide this issue I refer to indisputable facts. This case was commenced on April 9, 2004, as a *qui tam* action. A first amended complaint was filed February 4, 2005. This matter was sealed until my April 14, 2005 order directing that it be unsealed because the United States declined to intervene. The Defendants were served on April 27, 2005. The Texas case was initiated in state court in 1998 by a Shell entity against various Defendants, including plaintiff Bailey. In November 2004, plaintiff Bailey filed an "Eighth Amendment Counterclaim" against plaintiff Shell Western E & P, Inc., Shell Oil Company and Shell CO2 Company, Ltd., all designated as "Shell." This counterclaim made *qui tam* claims and named the United States of America, State of Colorado and Montezuma County Board of Commissioners as co-defendants. On November 30, 2004, the *qui tam* action was unsealed in the Texas Case after the United States declined to intervene. The Shell defendants were served shortly thereafter. On March 24, 2005, before Defendants were aware of this case, plaintiff Bailey removed the Texas Case to the United States District Court for the Southern District of Texas, apparently on the basis of the *qui tam* claim involving federal law pursuant to 28 U.S.C. § 1441(b). *See* Exhibit G (Notice of Removal).

Defendants base their arguments on the virtual identity of Plaintiffs' claims here

with those in the Texas Case concerning essentially the same parties.[1]  In these circumstances Defendants assert that the rule of comity dictates that this case be dismissed or transferred to the Texas court because the Texas Case was the first to be filed or, alternatively, the Texas Case is where a court first obtained jurisdiction over the Defendants on a *qui tam* claim.  (Defendants were served with the Texas counterclaim in 2004 but not served in this case until April of 2005).  Anticipating Plaintiffs' arguments, Defendants also assert that the issues of this case are contractual which do not trigger the local action doctrine.  Further, the fact that Plaintiffs assert a different time frame in this action from that of the Texas Case does not change the reality that the same basic issues are presented.

Plaintiffs respond that the issue is to be determined by the statute applicable to *qui tam* law suits.  31 U.S.C. § 3730(b)(5) provides that when a party "brings" a *qui tam* action, "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  Since this case was filed before the Eighth Amendment counterclaim in the Texas Case, Plaintiffs assert that the Texas Case should either be dismissed or transferred to this court.  Plaintiffs also argue that the cases concern different time periods, from 1984 to April 2000 for the Texas Case and from April 2000 on in this case.  Finally, Plaintiffs argue that venue is mandatory in

---

[1] Plaintiffs have made the unfounded assertion that Kinder Morgan is different than Shell CO2 when in fact they are the same entity.  *See* Exhibit A to Defendants' motion to dismiss amending the certificate of limited partnership of Shell CO2 Company, Ltd. to Kinder Morgan $CO_2$ Company, LP.  Plaintiffs Gray and Ptasynski are not Defendants in the Texas Case but have engaged in litigation in Texas against Shell entities concerning the same Colorado production.  Defendant Bradley is not a party in the Texas Case but he is the president of a co-defendant.

Colorado because it concerns Colorado property rights.

I resolve these issues in Defendants' favor.  Certainly avoiding duplicative consumption of scarce judicial resources in resolving essentially the same issue is sound policy served by the "first-to-file" rule of comity.  Without more, the first case filed was the Texas Case because it is measured from the state court filing date, not the date of removal.  *Manufacturer's Hanover Trust Co. v. Homer Corporation*, 798 F.Supp 161, 166 (S.D. New York 1992).  The issue remains, however, whether the prohibition of § 3730(b)(5) overrides the comity rule as the *qui tam* claims were first filed in Colorado.  Defendants urge that the issue should be resolved not by the date of the first filing but rather when the first court obtained jurisdiction, citing to *National Equipment Rental, LTD v. Fowler*, 287 F.2d 43, 45 (2nd Cir. 1961).  Given the statutory language, that argument is misdirected.  Section 3730(b)(5) prohibition attaches when a party "brings an action."  A party brings or commences an action by filing a complaint (or counterclaim).  Fed. R. Civ. P. 3.  The first action was brought in the District of Colorado and, if the statute applies, the counterclaim in the Texas Case would be prohibited.[2]

However, if § 3730(b)(5) is subject to interpretation, one might conclude that it does not apply when the same plaintiff, for whatever reason,[3] files the same claim in a different jurisdiction as the Plaintiffs did here.  The statutory purposes of § 3730(b)(5)

---

[2] I, of course, do not have jurisdiction to rule in the Texas Case.

[3] There may well exist legitimate reasons for a second filing such as avoiding mileage limitations on the reach of subpoenas.  *See* Fed. R. Civ. P. 45(c)(3)(A).

are to encourage whistle-blowing and discourage opportunistic behavior. *United States ex rel Hampton v. Columbia/HCA Healthcare* Corp*.,* 318 F.2d 214, 217 (D.C. Cir. 2003). The Tenth Circuit recognizes the same basic purposes of the False Claims Act. *United States v. Coch Industries, Inc.*, 971 F.2d 548, 552 (10th Cir. 1992). Assuming that Plaintiffs may otherwise pursue *qui tam* claims, the statutory purpose of prohibiting opportunistic or parasitic claims is not served when the same plaintiff makes the same claim in a different jurisdiction. It would be reasonable to read the statute as prohibiting the same claim being made by a different party rather than the same party as is the case here.[4] With such an interpretation, the first-to-file rule would attach and eliminate duplicative proceedings while still serving the purposes of the False Claims Act.

Under the circumstances of this case, an even more compelling reason exists to apply the rule of comity. It is beyond irony that Plaintiffs now rely on the prohibition of § 3730(b)(5) to resist a motion to dismiss or transfer when they themselves would have violated the same rule when knowingly filing the counterclaim in the Texas Case for the apparent purpose of obtaining federal jurisdiction. To assert such a position inconsistent with a prior position in related litigation to one's advantage is a questionable use of judicial proceedings. In my judgment, these circumstances call for the application of judicial estoppel, an equitable doctrine to be invoked by me in my judicial discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The situations

---

[4] "The pendency of the initial *qui tam* action consequently blocks <u>other</u> private relators from filing <u>copycat</u> suits that do no more than assert the same material elements . . ." *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d, 1276, 1279 (10th Cir. 2004). (Emphasis added).

where judicial estoppel may be appropriate are not capable of a general formula but the Supreme Court recognizes the following factors to assist in the determination of whether the doctrine should be applied in a particular case:

1. Does a party assert a position clearly inconsistent with its earlier position;

2. Will the acceptance of an inconsistent position in the second proceeding create a perception that the first or second court was misled; and

3. Will the party taking an inconsistent position gain an unfair advantage over its opposing party if not estopped. *Id.* at 750-751.

In this case I find that the Plaintiffs are taking a clearly inconsistent position on their ability to file the same claim in different jurisdictions.[5] In doing so, one could certainly perceive that either the Texas Court or myself was being mislead. Finally, Plaintiffs' use of the inconsistent position allowed them to obtain removal which they presumably felt was to their tactical advantage. I conclude that these considerations of equity call for the application of judicial estoppel to prevent the Plaintiffs from asserting an inconsistent position to block the application of the first-to-file rule in this case. The

---

[5]Plaintiffs' conflicting positions may be purely legal as opposed to factual or mixed questions of law and fact. The case of *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) observes that the position to be estopped should generally be one of fact rather than law. However, the *New Hampshire* court does not limit the application of judicial estoppel to positions of fact. In the circumstances of this case, I conclude that the judicial estoppel doctrine should be applied to Plaintiffs' inconsistent legal (or mixed factual and legal) positions as other circuits have recognized. *See Continental Ill. Corp. v. Commissioner*, 998 F.2d 513, 518 (7th Cir. 1993); *Yniguez v. Arizona*, 939 F.2d 727, 738 (9th Cir. 1991).

motion to transfer should be granted.[6]

As to the argument concerning local action rule, it appears that Plaintiffs' claims do not raise title issues as such concerning the Colorado property but rather sound in contract, tort or other bases for claim which do not trigger the local action rule.[7] *See Hartman v. Sirgo Operating, Inc.*, 863 S.W. 2nd 764, 766 (Tex. App. 1993).

I also reject Plaintiffs' attempt to distinguish the two actions because of different time periods. The issue of each case concerns the same conduct by Defendants and does not justify separate treatment in a *qui tam* case.

By transferring this case I do not determine the Defendants' motion to dismiss or Plaintiffs' application for preliminary injunction as the District Court in Texas is better suited to address these matters if they remain at issue. I also do not decide the motion for sanctions.

Accordingly, it is ordered:

1. Defendants' motion to transfer (Docket No. 24) is granted to the following extent: the Clerk of this court is directed to transfer this action to the Southern District of Texas with the suggestion that this case is related to Civil Action H-05-1029 pending before the Honorable Lynn N. Hughes, United States District Judge.

---

[6]Since I am transferring this case I am not resolving the issue of subject matter jurisdiction which might otherwise be an exception to the application of judicial estoppel. *Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 361 (2nd Cir. 2000).

[7]Defendants also point out that some Plaintiffs and their counsel have acted inconsistent with this position as well by filing several actions in Texas concerning payment of royalties resulting from Colorado production.

2. Plaintiff Bailey's Motion to Transfer (Docket No. 20) is denied as moot.

DATED at Denver, Colorado, on November 21, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge